MEMORANDUM **
Jodona Bottenberg (“Jodona”) appeals the district court’s grant of summary judgment in favor of Carson Tahoe Hospital (“CTH”) in her Title VII action alleging that CTH retaliated against her for complaining that co-worker Eric Smith (“Smith”) sexually harassed her. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
We assume, without deciding, that Jodona met her initial burden of establishing a prima facie case of retaliation, and that the *472 burden therefore shifted to CTH to articulate a legitimate, non-discriminatory reason for its adverse employment action of terminating Jodona’s employment. See Stegall v. Citadel Broad. Co., 350 F.3d 1061,1065-66 (9th Cir.2004).
Jodona concedes that the non-retaliatory reason articulated by CTH — violation of patient confidentiality — is a legitimate, non-discriminatory reason for terminating her employment. Therefore, the burden shifted back to Jodona to demonstrate that CTH’s stated reason for terminating her employment was merely a pretext for retaliation. See id. at 1066. Jodona failed to meet this burden.
First, the evidence in the record demonstrates that CTH initiated its investigation into the unauthorized accessing of Amy Bottenberg’s (“Amy”) medical records in response to Dr. B. Bottenberg’s (“Dr.B”) and Amy’s complaints, and not in response to complaints made by Smith. Second, by Jodona’s own admission, she accessed Amy’s medical records from two to seven times, and shared information from Amy’s medical records with others, without Amy’s permission to do so.
Finally, the evidence in the record does not demonstrate, nor does it raise an issue of fact on whether, Jodona was treated more harshly than other CTH staff who engaged in similar, or worse, conduct. The evidence demonstrates that Smith’s statement to Dr. B regarding Amy’s purported depression was not considered by Dr. B to be a violation of patient confidentiality, and there is no evidence that any complaint was made to CTH — by Amy, Dr. B, or anyone else — that Smith had violated patient confidentiality. Jodona has not provided citation to evidence or legal authority demonstrating that the use by Amy and Dr. B of Amy’s password to access Amy’s own medical records violated patient confidentiality. Nor has Jodona provided citation to evidence supporting her assertion that Drs. Vollger and McAninch were not investigated, counseled, or disciplined for allowing Jodona to use them password and/or assisting her in accessing and using the computer system.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.